JUDGE BROOKE.
In this case, two points are insisted on by the counsel for the appellant: 1st. That all the parties *are not before the court; and, 2d. That the testimony of EUzabeth Ellis ought not to have been received by the commissioners. On the first point, I think there is no difficulty: the rule is, that all persons concerned in the demand, or who may be affected by the relief pra3red, ought to be parties, if within the jurisdiction of the court:(a) the legatees of the residuary estate are all concerned in the demand, and may be affected by the extent of the relief granted in this case: depending on the residua^ estate for the amount of their legacies, they are all materially concerned in the administration of that fund, and will all be, more or less, affected by the quantum which may be accorded by the court to the appellee: as, for example, if there has been a mala fide valuation of the propert3', or an irregular sale of it, so as to lessen its real value to the legatees, they would all be affected by the decree. In the case in 1 Vesey, jun.(b) relied on by the counsel for the appellee, Eord Thurlow decided under the idea that the legacy was a specific legacy, but reserved that point for consideration. The position, that the legac3’, in the case under consideration, became a specific legacy, by the valuation and sale of the property, according to the directions of the will, for the payment of the money legacies, begs the question 1 It is predicated on the position that the valuation and sale were perfectly, correct; a position that all the parties interested ought to have an opportune of questioning, and, of consequence, ought to be in court for that purpose.
On the second point, I am of opinion that the testimony of Elizabeth Ellis was improperly admitted by the commissioner: when asked the question, she professed herself to be interested in the decision of the suit. The policy of the rule of law on this point is, to exclude persons who have a strong bias on their minds trom being placed in a situation where their interest may induce *them to depart from the truth; 1 Peake, 144. The case of Fotheringham v. Greenwood, (c) there cited, was a stronger ease than the present: in that casé the witness felt himself under an honorary engagement to make good a loss, and was held incompetent. I am of opinion the decree must be reversed, and the cause sent back; that proper parties may be made. (1.)
*348 JUDGES ROANE! and FLEMING
assented.
The decree was therefore reversed, and the cause sent back for all the legatees to be made parties, and direction was given that, on the hearing of the ■ cause, the deposition of Elizabeth Ellis be not read in evidence; she being an interested witness.

 Mitford’s Pleadings, p. 39, and the cases there referred to.

 Wainwrightv Waterman, 811, 314.

 1 Strange, 129.